IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02223–REB–KMT

NANCY DIAZ RODRIGUEZ, and
JAVIER PIMENTEL,

    Plaintiffs,

v.

JOHN LUNA,
LETICIA JAEL RODRIGUEZ CISNEROS, and
AZTECA RANCH MARKET #3, INC.

    Defendants.

## ORDER

    This matter is before the court on Plaintiffs' "Motion for Leave to Serve Defendant Azteca Ranch Market #3" (Doc. No. 26 [Mot.], filed November 21, 2013), to which Defendants Luna and Cisneros filed their response on December 12, 2013 (Doc. No. 30 [Resp.]) and Plaintiffs filed their reply on December 17, 2013 (Doc. No. 31 [Reply]).

    This action arises out alleged breach of contract, breach of express non-insurance contract by breach of implied duty of good faith and fair dealing, false representation, civil conspiracy, and extreme and outrageous conduct claims. (Doc. No. 12 [Compl.].) Plaintiffs move to substitute service under Fed. R. Civ. P. 4(h) because they have not been able to serve Defendant Azteca Ranch Market #3. (Mot. at 2.) Plaintiffs request that they be allowed to

substitute service by certified mail and first class mail to Defendant Luna, who they assert acted on behalf of the corporation as an officer, manager, and agent. (*Id.*)

Federal Rule of Civil Procedure 4 governs service of process. Among other options, Rule 4 permits service of a summons and complaint upon individuals and corporations by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. . . ." Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A). That state is Colorado. Thus, Plaintiffs had the option of effecting service as provided under Colorado.

Under Colorado law, personal service of process upon a corporation such as Azteca Ranch Market #3 can be accomplished by, *inter alia*, leaving a copy with the corporation's registered agent for service, or with the registered agent's secretary. *Id.* at 4(e)(4); *Goodman Associates, LLC v. WP Mountain Properties, LLC*, 222 P.3d 310, 316 (Colo. 2010) ("a registered agent may be served in the same manner as a 'natural person' under C.R.C.P. 4. . . [thus] C.R.C.P. 4(e)(1) permits service upon a registered agent, as a natural person, at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent.' " (internal citations omitted)).

The Colorado Rules also provide a means for substituted service:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or

>last known address of the workplace and residence, if known, of the party upon whom service is to be effected.  If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>>(1) authorize delivery to be made to the person deemed appropriate for service, and
>>(2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.  Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f).  Colorado Rule 4(g) states that "[e]xcept as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property status or other proceedings in rem."

Plaintiffs have not been able to personally serve Ricardo Felix, Sr., individually and as the registered agent and president of Azteca Ranch Market #3.  (Mot.)  Two process servers have provided affidavits attesting to two service attempts.  (*See id.*, Exs. 1 and 2.)  The process servers state that Azteca Ranch #3 is no longer at the address listed in the Colorado Secretary of State's records.  (*See id.*)  However, in their motion, Plaintiffs do not argue they have shown any effort to serve Mr. Felix at any other location within a judicial district of the United States, as is required under Fed. R. Civ. P. 4(h)(1)(A) and 4(e).  Moreover, Plaintiffs have failed to argue they have attempted to locate any other person listed in Colo. Civ. R. P. 4(e)(4).  Thus, this court is not satisfied that due diligence has been used to attempt personal service on Mr. Felix and that further attempts to obtain service on Mr. Felix or another individual would be to no avail.  Colo. R. Civ. P. 4(f).

Defendant Luna argues he is not the appropriate person to receive service of process on behalf of Azteca Ranch Market #3 because he is not the registered agent, nor is he the functional equivalent of an officer, nor a shareholder or person having an ownership or similar interest in Azteca, nor a director, agent or principal employee of Azteca Ranch Market #3. (Resp., ¶ 18 [citing Colo. R. Civ. P. 4(e)(4)].) However, Defendant Luna signed a promissory note between Plaintiffs and himself as "JOHN LUNA CO-OWNER AZTECA RANCH MARKET #3." (Reply, Ex. 1; Compl., ¶ 16.) Thus, it is likely substituted service upon Defendant Luna would be proper. *See* Colo. R. Civ. P. 4(e)(4)(G). However, because this court is not satisfied that due diligence has been used to attempt personal service and that further attempts to obtain service on Mr. Felix would be to no avail, the court will not order substituted service at this time.

Therefore, it is

**ORDERED** that Plaintiffs' "Motion for Leave to Serve Defendant Azteca Ranch Market #3" (Doc. No. 26) is **DENIED**. Plaintiffs are granted an extension to April 1, 2014, to serve Defendant Azteca Ranch Market #3. *See* Fed. R. Civ. P. 4(m).

Dated this 5th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge