IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–02223–REB–KMT

NANCY DIAZ RODRIGUEZ, and
JAVIER PIMENTEL,

    Plaintiffs,

v.

JOHN LUNA,
LETICIA JAEL RODRIGUEZ CISNEROS, and
AZTECA RANCH MARKET #3, INC.

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court *sua sponte* after review of Plaintiffs' First Amended Complaint (Doc. No. 12). Plaintiffs assert jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. (*See* Compl., ¶ 1(b).)

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50

F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem that despite much time and expense dedicated to a case, it must be undone by dismissing or remanding the case regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009); *cf. Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (discussing fact that a party's "revelations" or "discoveries" regarding citizenship after a loss on the merits are no less effective at destroying subject-matter jurisdiction and nullifying the entirety of the case before the federal court).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). 28 U.S.C. § 1332 grants the federal district courts original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). The Supreme Court of the United States has described this statutory diversity requirement as "complete diversity," and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267–68 (1806); *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008)(citing *Strawbridge v. Curtis*).

For diversity-jurisdiction purposes, citizenship is determined by a person's domicile. *See Crawley v. Glaze*, 710 F.2d 776, 678 (10th Cir. 1983). A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *See id. See also Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991)(holding that diversity jurisdiction is assessed as of the time the suit is filed); *Shaw v. AAA Engineering & Drafting Inc.*, 138 F. App'x 62, 70 (10th Cir. 2005). While residence and citizenship are not the same, a person's place of residence is *prima facie* evidence of his or her citizenship. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

Moreover, under 28 U.S.C. § 1332(a)(2), the court has original juridiction between

> citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

*Id.*

In their First Amended Complaint, Plaintiffs state that Defendant Leticia Rodriguez Cisneros is a resident and citizen of the State of Colorado (Compl., ¶ 5), and Defendant Azteca Ranch Market #3, Inc., is a Colorado corporation (*id.*, ¶ 6). Plaintiffs also state they are "citizens of Mexico, currently residing at 1720 Iola St., Aurora, Colorado, 80010." (*Id.*, ¶ 3.) At the time Plaintiffs filed their complaint, they resided in Aurora, Colorado. (*See* Compl., ¶ 3.) Moreover, at the time Plaintiffs entered into the alleged contracts with the defendants, they lived in Aurora, Colorado. (*Id.* at 6 and ¶¶ 11, 18.) Therefore, for diversity purposes, Plaintiffs are domiciled in

Colorado. Thus, this Court has jurisdiction over Plaintiffs' case only if Plaintiffs are not "lawfully admitted for permanent residence in the United States." 28 U.S.C. § 1332(a)(2). Both Plaintiff have provided affidavits in which they swear they are "currently without lawful status in the United States in violation of the Immigration Naturalization Act ("INA") Section 212(a)(6)(A) as an 'alien present without admission or parole.' " (Doc. Nos. 54-1, 54-2.) Thus, it appears that Plaintiffs in this matter are "subjects of a foreign state" for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(2).

This does not end the Court's inquiry, however. Although an alien may sue a citizen of a State in federal court, the presence of another alien as a defendant destroys complete diversity. *See Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir.2000) (courts interpreting § 1332(a)(2) require "United States citizens on both sides of an action between foreign citizens"); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004) ("complete diversity" was lacking where aliens were on both sides of a case without United States citizens also on both sides).

In the First Amended Complaint Plaintiffs allege that Defendant Leticia Rodriguez Cisneros is Plaintiff Nancy Rodriguez's aunt. (Doc. No. 12, ¶ 9.) In the Status Conference held before this court on July 14, 2014, Defendants' counsel's represented that Defendant Luna is a United States citizen, but that he was unsure of whether Defendant Rodriguez Cisneros is either a citizen of the United States or whether she is lawfully admitted for permanent residence in the United States. Therefore, this court ordered Defendants to, on or before July 28, 2014, file a status report and provide sworn affidavits with proof of the defendants' United States'

citizenship or proof that the defendants are lawfully admitted for permanent residence in the United States. Defendant Luna provided his sworn affidavit in which he states and provides evidence that he is a United States citizen. (Doc. No. 61-1.) However, Defendant Rodriguez Cisneros filed her sworn affidavit, in which she states and provides evidence that she is a Mexican citizen in the United States on an expired B-2 Visa. (Doc. No. 61-2.)

Section 1332 does not confer diversity jurisdiction upon the Court in suits involving "an alien on one side, and an alien and a citizen on the other side, regardless of the residence status of the aliens." *Saadeh v. Farouki*, 107 F.3d 52, 61 (D.C. Cir. 1997).

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that this case be dismissed for lack of jurisdiction. This court further

**RECOMMENDS** that all pending motions be denied as moot.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 29th day of July, 2014.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge