**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  13-cv-02223-REB-KMT

NANCY DIAZ RODRIGUEZ, and
JAVIER PIMENTEL,

      Plaintiffs,

v.

JOHN LUNA,
LETICIA JAEL RODRIGUEZ CISNEROS, and
AZTECA RANCH MARKET #3, INC.,

      Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge** [#62],[1] filed July 29, 2014.  No objections having been filed to the recommendation, I review it only for plain error.  *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).

Finding no error, much less plain error, in the magistrate judge's recommended disposition, I find and conclude that recommendation should be approved and adopted. Federal diversity jurisdiction exists only as between "adverse parties [who] are not co-citizens."  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 579, 124 S.Ct. 1920, 1929, 158 L.Ed.2d 866 (2004) (citation and internal quotation marks

---

[1] "[#62]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

omitted). Because both plaintiffs and at least one defendant are aliens of the same country of origin, federal diversity jurisdiction is absent. *Id.*, 124 S.Ct. at 1923. *See also Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 428 (7th Cir. 1993) (noting that "[28 U.S.C. § 1332](a)(2), when read in light of [28 U.S.C. § 1332](a)(3), does not permit a suit between foreigners and a mixture of citizens and foreigners"). In addition, the Tenth Circuit, although finding the conclusion "far from apparent" from the face of the federal diversity statute, has acknowledged the general view of the federal courts that "§ 1332(a)(2) [] require[s] United States citizens on both sides of an action between foreign citizens." *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000), *cert. denied*, 121 S.Ct. 2520 (2001). This condition also is not satisfied in this case. The case therefore must be dismissed for lack of federal jurisdiction.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#62], filed July 29, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2. That plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** for lack of federal subject matter jurisdiction;

3. That all currently pending motions, including but not limited to (a) defendants' **Motion To Dismiss Claims Asserted in Plaintiffs' First Amended Complaint [Doc. #12]** [#21], filed November 18, 2013; (b) plaintiffs' **Motion For Partial Summary Judgment Regarding Piercing the Corporate Veil** [#34], filed May 29, 2014; and (c) **Defendants John Luna's and Leticia Jael Rodriguez Cisneros'** [*sic*] **Motion For**

**Summary Judgment and Memorandum Brief in Support Thereof on All Claims Asserted in Plaintiffs' First Amended Complaint [Doc. #12]** [#36], filed June 2, 2104, are **DENIED WITHOUT PREJUDICE**;

    4.  That the combined Final Pretrial Conference and Trial Preparation Conference, set Friday, August 22, 2014, at 2:30 p.m., and the jury trial set to commence Monday, August 25, 2014, are **VACATED**; and

    5.  That this case is **CLOSED**.

Dated August 20, 2014, at Denver, Colorado.

                                                     **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge